Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
blindsey@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Attorneys for the Debtor/Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re:

STONERIDGE PARKWAY LLC,

Debtor.

) Case No.: 22-10540-GS
)
) Chapter 11
)
) Hearing Date: November 3, 2022
) Hearing Time: 9:30 a.m.

**JOINT STATUS REPORT**

Stoneridge Parkway, LLC (the "**Debtor**") and Silverstone Ranch Community Association (the "**Association**") by and through their respective attorneys of record, hereby submit their joint report pursuant to that certain *Order Setting Case Status Conference* issued by this Court on October 25, 2022 (ECF No. 128), and respectfully state as follows:

**I.      Adversary Proceeding**.

1.      On February 16, 2022, the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.      The Debtor's main asset is the real property formerly known as the Silverstone Golf Course, located at 8600 Cupp Drive, Las Vegas, Nevada 89131 (the "**Property**"). The Property is located within the Silverstone Ranch Community, a planned community development comprised of over 1,500 homes built around the Property.

3.      On March 14, 2022, the Debtor commenced the instant adversary proceeding against the Association by filing an adversary complaint seeking several claims for relief relating to the Property and the restrictive covenants encumbering the same.

4. On July 15, 2022, this Court entered an order in the main bankruptcy case granting the Association's motion for relief from the automatic stay to allow the parties' arbitration before JAMS, Case Reference No. 5260000004 (the "**Arbitration**") to proceed.

5. On July 18, 2022, the Court entered an order (Adv. ECF No. 36) which, among other things: (i) dismissed the Debtor's adversary complaint; (ii) granted the Debtor's motion to amend the adversary complaint; (iii) required the Association to file an answer to the amended adversary complaint or a representative statement on whether it does or does not consent to a final order or judgment by the Court to the amended complaint; and (iv) stayed the instant adversary proceeding pending further order of the Court.

6. On July 21, 2022, the Debtor filed its amended adversary complaint (Adv. ECF No. 42), and on August 4, 2022, the Association filed its representative statement that it does not consent to a final order or judgment by the Court to the amended complaint (Adv. ECF No. 44).

7. Subsequent to the entry of the above-referenced orders by this Court, there were many discussions between the Debtor, the Association and the Debtor's secured creditor, Shun Lee Lending, Ltd. ("**Shun Lee**") regarding Shun Lee's pending motion for relief from the automatic stay before this Court, and Shun Lee's participation in the Arbitration.

8. Ultimately, the Association and Shun Lee came to an agreement to allow Shun Lee to participate under specified conditions in the Arbitration, and all parties stipulated before this Court to withdraw Shun Lee's pending motion for relief based upon that agreement.

**II.    Arbitration Proceeding**.

9. On August 30, 2022, the Debtor, the Association and Shun Lee, through their respective counsel, participated in a preliminary hearing before the arbitration panel, resulting in Scheduling Order No. 1 (the "**Scheduling Order**"), a copy of which is attached hereto as **Exhibit A**.

10. In accordance with the Scheduling Order, on September 9, 2022, the Association amended its arbitration demand to include Shun Lee as a defendant in the Arbitration.

///

///

11.     On September 27, 2022, the Debtor and Shun Lee each filed their respective answers and counterclaims on to the arbitration demand, and on October 7, 2022, the Association filed its answer to the Debtor's counterclaims.

12.     A dispute has arisen in the Arbitration between Shun Lee and the Association regarding whether or not Shun Lee's asserted counterclaims are within or outside of its agreement to arbitrate with the Association. A hearing on the Association's motion to strike such counterclaims is currently scheduled for November 1, 2022.

13.     Notwithstanding the current dispute between the Association and Shun Lee, the parties intend to follow the Scheduling Order by: (i) presenting their initial disclosures on November 7, 2022; (ii) submitting a joint discovery plan and scheduling order on or before November 18, 2022; and (iii) appearing at a status conference before the arbitration panel on December 1, 2022.

14.     Given the December 1, 2022, status conference before the arbitration panel, the parties submit that they will file another joint status report concerning the Arbitration within ten (10) days of the Arbitration panel's resolution of the dispute between the parties.

Dated this 31st day of October 2022.

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: (702) 385-5544

*Counsel for the Debtor/Plaintiff*

FENNEMORE CRAIG, P.C.

By: /s/ *Thomas H. Fell*
Thomas H. Fell, Esq.
Nevada Bar. No. 3717
9275 West Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000

GORDON LAW, LLC
By: /s/ *Aviva Y. Gordon*
Aviva Y. Gordon, Esq.
Nevada Bar. No. 5333
1820 E. Warm Springs Road, Suite 115
Las Vegas, NV 89119
Telephone: (702) 527-5557

*Counsel for Silverstone Ranch Community Association*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF System on October 31, 2022, to the following:

ANTHONY W. AUSTIN for Creditor SILVERSTONE RANCH COMMUNITY ASSOC.
aaustin@fennemorelaw.com; gkbacon@fclaw.com

BRETT A. AXELROD on behalf of Creditor SHUN LEE LENDING, LTD
baxelrod@foxrothschild.com; pchlum@foxrothschild.com; mwilson@foxrothschild.com

CANDACE C CARLYON on behalf of Interested Party MJA Nevada, LLC
ccarlyon@carlyoncica.com; CRobertson@carlyoncica.com; nrodriguez@carlyoncica.com; 9232006420@filings.docketbird.com; Dcica@carlyoncica.com

CHAPTER 11 - LV
USTPRegion17.lv.ecf@usdoj.gov

THOMAS H. FELL on behalf of Creditor SILVERSTONE RANCH COMMUNITY ASSOC.
tfell@fennemorelaw.com; clandis@fennemorelaw.com; CourtFilings@fennemorelaw.com

TIMOTHY A LUKAS on behalf of Creditor LAS VEGAS VALLEY WATER DISTRICT
ecflukast@hollandhart.com

TRACY M. O'STEEN on behalf of Interested Party MJA Nevada, LLC
tosteen@carlyoncica.com; crobertson@carlyoncica.com; nrodriguez@carlyoncica.com; ccarlyon@carlyoncica.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

/s/ *Brian J. Braud*
Brian J. Braud, an employee of
SCHWARTZ LAW, PLLC

# EXHIBIT A

# EXHIBIT A

JAMS ARBITRATION CASE REFERENCE NO. 5260000004

**Silverstone Ranch Community Association,**
    **Claimant,**

and

**Stoneridge Parkway LLC,**
    **Respondent.**

---

### REPORT OF PRELIMINARY HEARING
### AND SCHEDULING ORDER NO. 1

A preliminary hearing was conducted in this matter on August 30, 2022, pursuant to written notice, and the following order is made respecting the conduct of this arbitration:

1. <u>Parties and Counsel</u>. The parties to this arbitration are identified in the caption and are represented as follows:

| | |
|---|---|
| Aviva Y. Gordon, Esq. | Samuel A. Schwartz, Esq. |
| Gordon Law | Gabrielle A. Hamm, Esq. |
| 2850 W. Horizon Ridge Pkwy | Bryan Lindsey, Esq. |
| Suite 200 | Schwartz Law, PLLC |
| Henderson, NV 89052 | 601 East Bridger Avenue |
| Tel: 702-527-5557 | Las Vegas, NV 89101 |
| Counsel for Claimant | Tel: 702.802.2207 |
| | Counsel for Respondent |

2.    <u>Arbitrators</u>:

      Hon. Carl (Bill) W. Hoffman, Jr. (Ret.)
      Hon. Philip M. Pro (Ret.)
      Hon. David T. Wall (Ret.)
      7160 Rafael Rivera Way Suite #400
      Las Vegas, NV 89113
      702-835-7806   702-437-5267(fax)

3.    <u>Case Manager</u>:
      Scott Parreno
      7160 Rafael Rivera Way Suite #400
      Las Vegas, NV 89113
      702-835-7806   702-437-5267(fax)

4.  <u>Agreement to Arbitrate</u>.  The parties advise that this arbitration was compelled by order of a Nevada state court and the Nevada Supreme Court pursuant to an arbitration clause contained in Article 10 of the Second Amended and Restated Reciprocal Easement Agreement and Covenant to Share Costs recorded June 14, 2002 in Clark County, Nevada.  Claimant shall file a copy of relevant court orders by **September 9, 2022**.  The Agreement at Article 10.3.2 provides that the award rendered by the three-arbitrator panel shall be final and binding.

5.  <u>Pleadings and Arbitrability</u>.

(a)  The claims are stated in the Demand for Arbitration dated November 5, 2021.  Respondent has not responded to the demand for arbitration, and so the claims are deemed denied.  The parties agree that the claims are arbitrable.

(b)  The parties have discussed the addition of a party, Shun Lee Lending, Ltd., to this arbitration.  Counsel for Shun Lee participated in the preliminary hearing, and will make a formal appearance if Shun Lee is added to the case.  Claimant indicates that an amended complaint adding the new party and claims will be filed by **September 9, 2022**.  Respondent indicates that it will file its answer and counterclaim by **September 27, 2022.**  Claimant shall file its answer by **October 7, 2022**.

6.  <u>Applicable Law and Rules</u>.  The Demand indicates that the parties conferred and agreed that the matter should be administered by JAMS before a JAMS arbitration panel under the Commercial Rules of the American Arbitration Association ("Rules").  Under the Agreement, the Nevada Uniform Arbitration Act and substantive law of Nevada also apply to the dispute.

7.  <u>Discovery and Exchange of Information</u>.

(a)  The parties agree that Initial Disclosures are due **November 7, 2022**.  Rule 22.

(b)  The Agreement permits "discovery proceedings of the kind provided by the Federal Rules of Civil Procedure."  By **November 18, 2022**, the parties will meet and confer to develop and submit a discovery plan and scheduling order.  The parties should consider the timing of expert disclosures and summary dispositions, the application of Agreement Article 10.3.5 regarding the timing of discovery, and the need for a protective order.

(c)  The arbitrators shall supervise discovery to the extent necessary.  After meeting and conferring, discovery disputes shall be submitted by joint letter.  Non-party subpoenas shall be pre-drawn and submitted for approval to the Panel Chair.  The parties may request additional discovery with the arbitrators' approval or by agreement.  Rule 22(a).

(d)  For all non-discovery motions, responses shall be due within 14 days, and movant may reply within 7 days of the response.

8.  <u>Status Conference</u>.  A conference call will be convened on **December 1, 2022** at 9:00 a.m. (Pacific Time Las Vegas) to discuss the discovery plan, potential hearing dates, the number of days required, and the desire for a virtual hearing, such as Zoom, for some or all

parties, witnesses, and counsel. The Agreement provides that the arbitration hearing will be conducted in Las Vegas.

9. Miscellaneous.

(a) All documents filed in this matter shall be submitted electronically through the JAMS Electronic Filing System ("JAMS Access") which can be accessed through the JAMS website or directly at www.access.jamsadr.com. All discovery documents, other than document productions, shall be served electronically through JAMS Access. Unless otherwise instructed or included as part of a JAMS filing, the parties shall serve discovery documents on counsel only (and not on the arbitrator) by utilizing the 'Classification – Exclude Neutrals' functionality on the upload screen.

Other documents relating to the case, such as correspondence between counsel, may be transmitted through JAMS Access.

The electronic file for this matter will be made accessible to JAMS personnel, the arbitrator(s), claimant counsel, and respondent counsel. Counsel may also request that their client(s) and other attorneys and/or professional staff members from their firm be provided access. Requests regarding additional attorneys shall be made to the Case Manager. Other users may be added by counsel as soon as they are registered on JAMS Access.

There are no additional fees to use JAMS Access.

For questions regarding support or technical issues related to JAMS Access, call 800-352-5267 or contact the Case Manager. Please review the JAMS Rules relating to e-filing and e-service for further information.

(b) Cancellation fee of the arbitrators. The parties will be requested to deposit fees sufficient to compensate the arbitrator for the scheduled hearing days prior to the commencement of the hearing. If the hearing is cancelled or continued for any reason, JAMS rules will apply regarding refunds and cancellation fees.

(c) All deadlines herein shall be strictly enforced. This order shall continue in effect unless and until amended by subsequent order of the arbitrators.

Dated: August 30, 2022.

_____
Hon. Bill Hoffman (Ret)
Arbitration Panel Chair

Hon. Philip M. Pro (Ret.)
Hon. David T. Wall (Ret.)